## In re REFERENDUM PETITION NO. 71, STATE QUESTION NO. 216.

No. 26734. March 3, 1936.

Campbell Russell and Harry A. Tallman. for petitioners.

E. F. Lester and Clay M. Roper, for protestants.

RILEY, J. This is an appeal from an order of the Secretary of State holding sufficient Referendum Petition No. 71, State Question No. 216.

The proposed referendum petition has for its purpose a reference to the people entitled to vote thereon, H. B. No. 410, art. 3, ch. 15, p. 15, S. L. 1935, enacted by the Legislature April 2, 1935, providing, among other things, "a permit system for the operation of slot machines."

On July 29, 1935, there was filed with the Secretary of State, 2,278 pamphlets purporting to contain 40,000 signatures. Protestants have appealed, and the cause is pending in this court for trial de novo.

Protestants, among other matters, contend: That there are 1,445 pamphlets containing 12,802 names that should not be counted for some person has knowingly, willfully, and fraudulently supplied various data to the petitions by (1) adding street addresses to the signatures, (2) inserting the city or town after the names of signers, (3) completed addresses by adding the state or abbreviation of the state after city addresses, (4) by inserting the circulator's address after his signature to his affidavit, (5) by adding to the verification of the circulator the name of the county; by striking signatures where the corresponding address given did not conform to the verification; and by adding additional names of purported signers in the verification.

Protestants rely upon the case of In re Petition No. 31, 58 Okla. 147, 172 P. 639, wherein one who received the petitions from circulators supplied necessary data through "guesswork," and this court sustained the protest on that point.

The Secretary of State found that many corrections of pamphlets regarding addresses and mere technical and clerical errors were made by circulators prior to verifications of pamphlets. There is no fault to be found with the ruling of the Secretary of State in this. This court does not depart, however, from the rule stated in the cause heretofore cited. Such data may not be supplied by mere "guesswork," but clerical and technical errors are to be disregarded. It is the duty of circulators to see that proper addresses of signers be placed on petitions. State ex rel., etc., v. Olcott, Secy. of State, 62 Ore. 277, 125 P. 303. If by inadvertence a signer fails to write his address or writes an incomplete address, and the circulator before filing, from first hand information and reliable facts, supplies the data, the signature for the reason assigned will not be stricken.

A compliance with the law is required in the verification of the circulator. Section 5872, O. S. 1931.

Other contentions presented are determined by the opinion this day promulgated in Re Initiative Petition No. 142, 176 Okla. 155, 55 P. (2d) 455.

This cause is referred to the Referees of this court for hearing on the issues of fact

as joined under the rules of law as stated in this and the companion cause. The Referees will commence hearing forthwith and report in writing to this court the facts as found to be decisive.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.